IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MERCEDES-BENZ FINANCIAL SERVICES USA LLC, *a Delaware limited liability company, individually and in its capacity as servicer and attorney-in-fact for Daimler Trust, formerly known as DCFS USA LLC,* <br><br> Plaintiff, <br><br> v. <br><br> SYNERGISTIKS, INC., *a Pennsylvania corporation*, HAROLD G. WILLIAMSON, *an individual*, and ROBERT WILLIAMSON, *an individual*, <br><br> Defendants. | Case No. 3:18-cv-184 <br><br> JUDGE KIM R. GIBSON |

## MEMORANDUM OPINION

### I. Introduction

Before the Court is the Motion for Default Judgment Against Defendant Synergistiks, Inc. ("Defendant") filed by Plaintiff Mercedes-Benz Financial Services USA LLC, a Delaware limited liability company, individually and in its capacity as servicer and attorney-in-fact for Daimler Trust, formerly known as DCFS USA LLC ("Plaintiff"). For the reasons that follow, the Court will **GRANT** Plaintiff's Motion.

### II. Background[1]

In its Complaint (ECF No. 1), Plaintiff alleges that Daimler Trust leased equipment to

---

[1] The Court notes that Plaintiff brings claims against two additional Defendants, Harold G. Williamson and Robert Williamson. In this section, the Court will only discuss facts related to Defendant Synergistiks, as Synergistiks is the Defendant from which Plaintiff seeks default judgment.

1

Defendant pursuant to the terms of five lease agreements. (*Id.* ¶ 10.) Plaintiff also financed Defendant's purchase of equipment under three notes and security agreements (the "Loan Agreements"). (*Id.* ¶ 12.) Defendant defaulted under the terms of the leases and Loan Agreements. (*Id.* ¶ 16.)

On June 16, 2015, Defendant filed a Chapter 11 Bankruptcy Petition in the United States Bankruptcy Court for the Western District of Pennsylvania. (*Id.* ¶ 17.) On January 13, 2016, Plaintiff and Defendant executed a stipulation (the "Stipulation"), under which Defendant assumed one of the aforementioned leases ("Lease 4925") and ratified and reaffirmed its obligations thereunder. (*Id.* ¶¶ 18-19.A.) The other four leases were rejected. (*Id.* ¶ 19.B.) Plaintiff retained its security interest in all of the equipment collateral, and Plaintiff and Defendant stipulated that the Loan Agreements would continue in full force and effect subject to the terms of the Stipulation. (*Id.* ¶ 19.C.) The bankruptcy court confirmed Defendant's Chapter 11 Plan (the "Plan"), which incorporated the terms of the Stipulation. (*Id.* ¶¶ 20-21.)

Defendant then defaulted under the terms of the Stipulation and the Plan by failing to pay the monthly amounts due under Lease 4925 and the Loan Agreements. (*Id.* ¶ 23.) As a result of this default, Plaintiff repossessed and liquidated the equipment leased to Defendant. (*Id.* ¶ 24.) After applying the proceeds of the equipment liquidation to the indebtedness due under Lease 4925 and the Loan Agreements, Defendant still owes Plaintiff a deficiency of $739,532.10 plus interests and attorney's fees. (*Id.* ¶ 25.)

Plaintiff filed the present lawsuit on September 18, 2018. In its Complaint, Plaintiff brought four counts against Defendant: (1) Claim on Debt Under Lease 4925, (2) Claim on Debt Under Loan 0881, (3) Claim on Debt Under Loan 4657, and (4) Claim on Debt Under Loan 4950.

2

(*See id.* ¶¶ 35-54.) Under each of these counts, Plaintiff alleges that the deficiency balance and loan amounts are fully due, that Defendant failed to pay the amounts owed, and that due to this failure, Plaintiff has been damaged. (*Id.*)

On September 24, 2018, Plaintiff filed proof of service with the Court. (ECF No. 4.) Defendant did not file an answer or otherwise defend itself against this action. Thus, on November 7, 2018, Plaintiff filed a request for default (ECF No. 7), which the Clerk of the United States District Court for the Western District of Pennsylvania entered (ECF No. 8). Plaintiff then moved for default judgment. (ECF No. 16.) Plaintiff seeks a judgment in the amount of $834,566.48, plus $32,281.02 in attorney's fees and costs, for a total of $866,847.50. (*Id.* ¶¶ 7, 9-10.) Plaintiff attached two Affidavits to its Motion (ECF Nos. 16-2, 16-3) and filed a brief in support (ECF No. 17).

### III. Legal Standard

Under Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Once the clerk enters default, the party seeking default judgment must ask either the clerk or the court to enter a default judgment. Fed. R. Civ. P. 55(b). In order for the clerk to enter a default judgment, the plaintiff's claim must be for either a sum certain or a "sum that can be made certain by computation." *Id.* In all other cases, a party must apply to the court for default judgment. *Id.* Outside of the parameters of Rule 55, "the entry of a default judgment is left primarily to the discretion of the district court." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984).

However, the United States Court of Appeals for the Third Circuit has provided district courts with some factors to guide the exercise of their discretion. The Third Circuit has stated that "[t]hree factors control whether a default judgment should be granted: (1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000). When the defendant is in default and has not opposed the motion for default judgment, district courts give less deference to these factors. *See Broadcast Music, Inc. v. George Moore Enters., Inc.*, 184 F. Supp. 3d 166, 170 (W.D. Pa. 2016).

In addition, "prior to the entry of default judgment, the [d]istrict [c]ourt must satisfy itself that the [c]ourt has both subject matter jurisdiction over the action and personal jurisdiction over the defendant against whom the default judgment is sought." *Harris v. Dollar General Corp.*, Civil Action No. 16-416, 2016 WL 2733227, at *1 (W.D. Pa. May 11, 2016) (citing *Lampe v. Xouth, Inc.*, 952 F.2d 697, 701 (3d Cir. 1991)); *see Allaham v. Naddaf*, 635 F. App'x 32, 36 (3d Cir. 2015) ("If a court lacks personal jurisdiction over a defendant, the court does not have jurisdiction to render a default judgment, and any such judgment will deemed [*sic*] void."). Finally, before entering a default judgment, the court must determine whether the well-pleaded facts in the plaintiff's complaint state a claim against the defendant. *See Caplan v. Premium Receivables LLC*, No. 2:15-cv-474, 2015 WL 4566982, at *1 (W.D. Pa. July 29, 2015).

**IV.     Discussion**

Based on the above-described standard, before entering default judgment, a district court must be satisfied that (1) the *Chamberlain* factors favor the entry of default judgment, (2)

4

the court has subject matter and personal jurisdiction, and (3) the plaintiff's complaint plausibly states a claim.

First, assessing the *Chamberlain* factors, the Court finds that the factors favor granting default judgment. Plaintiff will clearly be prejudiced if default judgment is denied—because Defendant has yet to respond or appear in any way, Plaintiff's claims and potential for recovery will remain indefinitely suspended in legal limbo unless default judgment is entered. Furthermore, because Defendant has not filed an answer or motion to dismiss, the Court has no knowledge of any defenses Defendant may have. Similarly, because Defendant has not appeared, the Court cannot evaluate whether Defendant has a good reason for delay that could weigh against granting default judgment. Thus, the *Chamberlain* factors support the entry of default judgment in favor of Plaintiff.

Second, the Court is satisfied that Defendant, a Pennsylvania corporation with a principal place of business in Windber, Pennsylvania, is subject to personal jurisdiction in Pennsylvania. (ECF No. 1 ¶ 4.) Moreover, in accordance with Federal Rule of Civil Procedure 4(h), Plaintiff served an agent of Defendant authorized by law to receive service (*see* ECF No. 4), which removes concerns related to proper service. Furthermore, through Plaintiff's Complaint (ECF No. 1) and Disclosure Statement (ECF No.2), Plaintiff has provided sufficient evidence that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.[2]

---

[2] The Court notes that Plaintiff appears to allege that MBFS, an LLC, is a citizen of Delaware and Michigan because MBFS is incorporated in Delaware and has its principal place of business in Michigan. (ECF No. 1 ¶ 1.) This analysis is incorrect, as the citizenship of an LLC for purposes of diversity jurisdiction is determined by the *citizenship of its members*, not by its state of incorporation and principal place of business. *See Zambelli Fireworks MFG. Co., Inc. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010); *see also Hadeed v. Advanced Vascular Res.*, Case No. 3:15-cv-22, 2018 WL 5923485, at *2 (W.D. Pa. Nov. 13, 2018) (Gibson, J.). However, Plaintiff's Disclosure Statement (ECF No. 2) resolves the Court's concerns regarding diversity jurisdiction.

5

Finally, the Court is satisfied that Plaintiff plausibly stated claims for breach of Lease 4925 and the Loan Agreements by alleging that (1) the deficiency balance under Lease 4925 and the balances of the Loan Agreements are due; (2) Defendant failed to pay the amounts due; and (3) because of Defendant's failure to pay, Plaintiff has been damaged in the amount of $866,847.50. (ECF No. 1 ¶¶ 35-54.) Plaintiff has also adequately proven its claimed damages by providing affidavits and thorough documentary evidence to support (1) the amount of principal due under the Loan Agreements and the deficiency balance of Lease 4925; (2) the amount of interest due; and (3) the amount of attorney's fees due. (*See* ECF Nos. 16-2, 16-3.)

## V. Conclusion

For the reasons stated above, the Court will **GRANT** Plaintiff's Motion for Default Judgment Against Defendant Synergistiks, Inc. and will enter judgment in Plaintiff's favor for the amount of $866,847.50 plus additional accrued interest and attorney's fees.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MERCEDES-BENZ FINANCIAL SERVICES USA LLC, *a Delaware limited liability company, individually and in its capacity as servicer and attorney-in-fact for Daimler Trust formerly known as DCFS USA LLC*, and DAIMLER TRUST, | ) ) ) ) ) ) ) | Case No. 3:18-cv-184<br><br>JUDGE KIM R. GIBSON |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| SYNERGISTIKS, INC., *a Pennsylvania corporation*, HAROLD G. WILLIAMSON, *an individual*, and ROBERT WILLIAMSON, *an individual*, | ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER

NOW, this \_\_7th\_\_ day of February, 2019, upon consideration of Plaintiff's Motion for Default Judgment Against Defendant Synergistiks, Inc. (ECF No. 16), it is **HEREBY ORDERED** that Plaintiff's Motion is **GRANTED**. Judgment is entered for Plaintiff and against Defendant Synergistiks, Inc. on Counts I, II, III, and IV of the Complaint (ECF No. 1). Judgment is entered in favor of Plaintiff and against Defendant Synergistiks, Inc. in the amount of $866,847.50 (the "Judgment Amount"), which includes the following:

| Lease No. or Loan No. | Deficiency Amount (principal only) | Interest Due (calculated from recovery dates through January 27, 2019) | Interest Rate | Total Due |
|---|---|---|---|---|
| Lease No. 4925 | $107,104.04 | $30,733.89 | 18.0% | $138,137.93 |
| Loan No. 0881 | $169,956.98 | $16,957.01 | 6.25% | $186,913.99 |
| Loan No. 4657 | $224,969.90 | $22,441.63 | 6.25% | $247,441.53 |
| Loan No. 9450 | $237,501.18 | $24,601.85 | 6.48% | $262,103.03 |

7

| Attorney's Fees through January 27, 2019 | $32,281.02 |
| --- | --- |
| **TOTAL DEBT DUE** | **$866,847.50** |

Interest will continue to accrue on the Judgment Amount at the rate set forth under each note. Plaintiff is further entitled to tax additional reasonable attorney's fees and costs it incurs under the terms of the above Lease and Loan Agreements until such time as the Judgment Amount is paid in full.

BY THE COURT:

*[signature: Kim R. Gibson]*

**KIM R. GIBSON**
**UNITED STATES DISTRICT JUDGE**