IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MERCEDES-BENZ FINANCIAL SERVICES USA LLC, *a Delaware limited liability company, individually and in its capacity as servicer and attorney-in-fact for Daimler Trust, formerly known as DCFS USA LLC*, | ) ) ) ) ) ) ) ) ) | Case No. 3:18-cv-184 <br><br> JUDGE KIM R. GIBSON |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| SYNERGISTIKS, INC., *a Pennsylvania corporation*, HAROLD G. WILLIAMSON, *an individual*, and ROBERT WILLIAMSON, *an individual*, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

### I. Introduction

Before the Court is Defendant Robert Williamson's ("Robert") Motion to Dismiss Cross-Claim of Defendant Harold G. Williamson ("Harold") (ECF No. 11). Harold failed to file a response to the Motion within the 21-day response period. Thus, Robert's Motion is ripe for disposition.

For the reasons that follow, the Court will **GRANT** Robert's Motion to Dismiss.

### II. Jurisdiction

This Court has subject-matter jurisdiction over Plaintiff Mercedes-Benz Financial Services USA, LLC's ("Plaintiff") claims pursuant to 28 U.S.C. § 1332. (*See* ECF No. 1 ¶¶ 1-8; ECF No. 21

1

at 5.) The Court has supplemental jurisdiction over Harold's crossclaim under 28 U.S.C. § 1367(a).

**III.    Background[1]**

On September 18, 2018, Plaintiff initiated this litigation by filing a Complaint for Claim on Debt and Claim on Guaranty (ECF No. 1) against Defendants Synergistiks, Inc. ("Synergistiks"), Harold, and Robert. Plaintiff's allegations relate to defaults on various lease and loan agreements between Plaintiff and Synergistiks. (*Id.* ¶¶ 10-13, 16.)

On December 17, 2018, Harold filed his Answer, Affirmative Defenses, and Crossclaim (the "Crossclaim") (ECF No. 9). In the Crossclaim, Harold alleged that on December 9, 2011, Harold entered into a Stock Purchase Agreement (the "Agreement") with Robert. (ECF No. 9 ¶ 72.) Through the Agreement, Harold sold his shares of stock in Synergistiks to Robert. (*Id.*) As a result, Robert became the sole shareholder of Synergistiks. (*Id.*)

Paragraph 6(E) of the Agreement contained an indemnification clause, which provided:

Purchaser[2] and Company warrant to Seller that following closing, any outstanding claims and/or liabilities that may arise with respect to the business of Company shall be the sole and exclusive responsibility of Company. Company further agrees to indemnify and hold Seller harmless from any and all actions, suits, payments, accounts, reckonings, claims, and demands for or by reason of or arising from the operation of the business by the Company.

(ECF No. 9-1 at 15.) Pursuant to this paragraph, Harold alleges that "Robert Williamson agreed to indemnify and hold harmless Harold from any and all actions, suits, payments, counts, reckonings, claims and demands for or by reason of or arising from the operation of the business

---

[1] These facts are taken from the Answer, Affirmative Defenses, and Crossclaim of Defendant Harold G. Williamson (ECF No. 9) and the attachment thereto (ECF No. 9-1) unless otherwise noted. These facts are taken as true for purposes of the present Motion to Dismiss. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).
[2] In the Agreement, "Purchaser" refers to Robert, "Company" refers to Synergistiks, and "Seller" refers to Harold. (ECF No. 9-1 at 2.)

2

by the company." (ECF No. 9 ¶ 73.) Thus, "[t]o the extent Harold makes any payments to the Plaintiff, Harold demands indemnification from Defendant Robert Williamson." (*Id.* ¶ 74.)

On January 7, 2019, Robert filed a Motion to Dismiss the Crossclaim of Defendant Harold G. Williamson (ECF No. 11). In his Motion, Robert argues that "Harold's Cross[c]laim simply avers a legal conclusion, that Robert is obligated to indemnify Harold against any action arising from the business of the Company, based upon a misinterpretation of the Stock Purchase Agreement." (*Id.* at 5.) Robert explains that Paragraph 6(E) of the Agreement, relied upon by Harold in the Crossclaim, clearly states that Synergistiks, rather than Robert, will indemnify Harold in certain circumstances. (*Id.*) Because of Harold's "facially-evident misinterpretation of the Stock Purchase Agreement" (*id.*), the Crossclaim is not plausible and must be dismissed.

Harold failed to respond to the Motion.

## IV. Legal Standard

A complaint may be dismissed under Federal Rule of Civil Rule 12(b)(6) for "failure to state a claim upon which relief can be granted." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016). However, detailed pleading is not generally required. *Id.* The Rules demand only "a short and plain statement of the claim showing that the pleader is entitled to relief" to give the defendant fair notice of what the claim is and the grounds upon which it rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2)).

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the

sufficiency of a complaint[3] must take three steps.[4] First, the court must "tak[e] note of the elements [the] plaintiff must plead to state a claim." *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009). Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679; *see also Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011) ("Mere restatements of the elements of a claim are not entitled to the assumption of truth." (citation omitted)). Finally, "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*; *see also Connelly*, 809 F.3d at 786. Ultimately, the plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

## V. Discussion

The Crossclaim fails to meet the above-described "facial plausibility" standard. The Crossclaim asserts that Robert must indemnify Harold pursuant to Paragraph 6(E) of the Agreement. (ECF No. 9 ¶¶ 73-74.) However, this conclusory statement contradicts the text of the

---

[3] When undertaking this analysis, the Court may consider allegations in the complaint, exhibits attached thereto, matters of public record, and undisputedly authentic documents attached to the motion to dismiss upon which the complaint is based. *See Pension Benefit Guar. Corp. v. White Cons. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

[4] Although the Supreme Court described the process as a "two-pronged approach," *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009), the Court noted the elements of the pertinent claim before proceeding with that approach, *id.* at 675–79. Thus, the Third Circuit has described the process as a three-step approach. *See Connelly*, 809 F.3d at 787; *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 n.4 (3d Cir. 2011) (citing *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010)).

4

Agreement.[5] The Agreement places "sole and exclusive" responsibility for subsequent liabilities upon Synergistiks and provides that Synergistiks will indemnify Harold for any demands arising from Synergistiks's operation. (ECF No. 9-1 at 15.) Thus, under Paragraph 6(E) of the Agreement, Harold has no contractual right to indemnification from Robert and the Court may grant Robert's Motion to Dismiss the Crossclaim. *See Phunware, Inc. v. Excelmind Grp. Ltd.*, 117 F. Supp. 3d 613, 625 (D. Del. 2015) ("The court may grant a motion to dismiss when unambiguous language of a contract contradicts plaintiffs' allegations in a complaint.").

Moreover, Harold failed to point to any other provision of the Agreement or make any other argument that supports his indemnification claim. And while the Court located other provisions in the Agreement that discuss indemnification obligations, none of these provisions requires Robert to indemnify Harold. (*See* ECF No. 9-1 ¶¶ 5(E), 6(E)-(F), 8(A)-(B).) Accordingly, this Court will dismiss Harold's Crossclaim against Robert.

## VI. Conclusion

For the reasons stated above, the Court **GRANTS** Robert's Motion to Dismiss Harold's Crossclaim. Robert will remain a Defendant in this action to the extent Plaintiff asserts claims against him (*see* ECF No. 1 ¶¶ 62-67), but Robert will be dismissed as a Cross-Defendant. A corresponding order follows.

---

[5] The Court may consider the language of the Agreement because it was attached to the Crossclaim. *See Pension Benefit Guar. Corp.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MERCEDES-BENZ FINANCIAL SERVICES USA LLC, *a Delaware limited liability company, individually and in its capacity as servicer and attorney-in-fact for Daimler Trust, formerly known as DCFS USA LLC,* | ) ) ) ) ) ) ) ) ) | Case No. 3:18-cv-184<br><br>JUDGE KIM R. GIBSON |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| SYNERGISTIKS, INC., *a Pennsylvania corporation*, HAROLD G. WILLIAMSON, *an individual*, and ROBERT WILLIAMSON, *an individual*, | ) ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER

NOW, this 12th day of February, 2019, upon consideration of Defendant Robert Williamson's Motion to Dismiss Cross-Claim of Defendant Harold G. Williamson (ECF No.11), it is **HEREBY ORDERED** that Defendant Robert Williamson's Motion to Dismiss Cross-Claim is **GRANTED**. Harold G. Williamson's Crossclaim against Robert Williamson is **DISMISSED** without prejudice.

BY THE COURT:

*/s/ Kim R. Gibson*

KIM R. GIBSON
UNITED STATES DISTRICT JUDGE